EBENEZER R. HOLMES, in equity, *vs.* WILLIAM FARRIS *et ux.*

*An execution must be wholly for a debt antecedent to conveyance to justify taking property under R. S., c. 61, § 1.*

Property conveyed to the wife, for which payment was made out of the husband's property, is not liable to be taken under the provisions of R. S., c. 61, § 1, upon an execution recovered against the husband upon several debts, some of which accrued before and some after the conveyance.

When a creditor unites two classes of claims against his debtor in one suit, and obtains judgment therein upon them, he reduces that in which his rights are superior to the level of that in which they are inferior.

BILL IN EQUITY, brought under R. S., c. 61, § 1, by a judgment creditor of William Farris, to subject property conveyed by John J. Perry to Mrs. Farris to the payment of the execution issued on such judgment, upon the ground that the consideration for the conveyance was paid by William Farris from his own means. It is unnecessary to recapitulate the evidence by which it was claimed this fact was proved, as the case was decided upon another ground, fully stated in the opinion. Though two of the notes embraced in the judgment were subsequent in date to the deed from Perry to Mrs. Farris, they were given in renewal or exchange for former notes and indebtedness, originating prior to that conveyance.

*Strout & Holmes,* for the complainant.

*John J. Perry,* for the respondents.

APPLETON, C. J. This is a bill in equity in which the complainant having recovered judgment against William Farris seeks to defeat a conveyance from John J. Perry to Mrs. Farris on the ground that payment for the property so conveyed was made from the property of the husband and that his debts to the complainant were contracted before such conveyance.

The deed from John J. Perry to Mrs. Farris is dated November 28, 1863.

The judgment recovered by the plaintiff was upon three several notes;—one dated March 2, 1865, for $212.65; one dated December 27, 1864, for $64; and one dated April 15, 1863, for $68.

By R. S. of 1857, and of 1871, c. 61, § 1, "when payment was made for property conveyed to her (the wife) from the property of her husband, or it was conveyed by him to her without a valuable consideration paid therefor, it may be taken as the property of her husband to pay his debts contracted before such purchase."

To authorize the taking of the property so conveyed there must be a judgment recovered by the creditor against his debtor. A judgment, when recovered, is an entirety. *Buffum* v. *Ramsdell*, 55 Maine, 254. The new debt is one and indivisible. *Bicknell* v. *Trickey*, 34 Maine, 273; and cannot be apportioned. Bump on Fraudulent Conveyances, 489. In this judgment, which the plaintiff recovered against the husband, there were debts contracted before and after the conveyance to the wife, which is sought to be impeached. In *Reed* v. *Woodman*, 4 Maine, 400, it was decided that, if a creditor, having demands accruing partly before and partly after the conveyance which he would impeach on the ground of fraud, blends them all in one suit, and, having recovered judgment, extends his execution on the land, he can come in only in the character of a subsequent creditor. "The demandant," observes Weston, J., "having taken judgment for his whole demand, is to be regarded as a creditor subsequent to the conveyance in question by his debtor." In *Usher* v. *Hazeltine*, 5 Maine, 471, there were items in the judgment to the amount of only $10.96 subsequent in date to the conveyance sought to be impeached, and Mellen, C. J., says "the plaintiff was not a creditor at the time of the conveyance" because this sum was included in his judgment. This doctrine was re-affirmed in *Miller* v. *Miller*, 23 Maine, 22. In *Quimby* v. *Dill*, 40 Maine, 528, it was held that a creditor, who blends together claims accruing before and after a voluntary conveyance, has only the rights of a subsequent creditor.

These views are entirely in accord with the recognized analogies of the law. In *Bicknell* v. *Trickey*, 34 Maine, 273, it was

held that the lien of a laborer was defeated, if the judgment recovered includes non-lien claims. When a plaintiff elected to join a non-imprisonment claim with one of a different character, he was deemed to have made election to look to property alone and not to person and property. *Miller* v. *Scherder*, 2 Comst., 262.

The principle to be deduced from the cases is, that when a creditor has two classes of claims agains this debtor, by uniting them in one suit and obtaining judgment, he reduces that in which his rights are superior to a level with that in which they are inferior. *Baker* v. *Gilman*, 52 Barbour, 26. It is so in equity also. *Moritz* v. *Hoffman*, 35 Ill., 553.

The complainant, by the union of debts precedent and subsequent to the conveyance sought to be impeached, has voluntarily placed himself in the condition of a subsequent creditor. The judgment is a unit—one and indivisible. It cannot be part good and part bad. The plaintiff cannot set up a judgment in part as a precedent creditor, and in part as a subsequent. No case can be found in equity, in England or in any of the States, where a creditor has been held a prior creditor for a fraction of his judgment, with a right to enforce by bill such fraction, and a subsequent creditor for the residue.          *Bill dismissed with costs.*

CUTTING, DICKERSON and PETERS, JJ., concurred.

WALTON, BARROWS and DANFORTH, JJ., did not concur, holding on the contrary that, where no levy has been made, the reason assigned by the court for the decision in *Reed* v. *Woodman*, 4 Maine, 400, that "the levy is entire and cannot be so apportioned or divided as to constitute a satisfaction of that part of his debt which was due prior to the deed," does not apply; and, therefore, that decision is inapplicable. And they held, further, that where a decree in equity is sought against the respondents for payment of plaintiff's demand on the ground that property paid for by the husband had been conveyed to the wife, the husband never having held the legal title, and the record or testimony shows what part of the debt accrued prior to the conveyance to the wife, no such

difficulty in the apportionment or division arises,. but that which accrued subsequently may be subtracted and the creditor may have "satisfaction for that part of his debt which accrued prior to the deed," on establishing the facts, under R. S., c. 61, § 1, by a decree for the payment of so much of the husband's debt as was contracted previous to the conveyance to the wife; that the date when the debt was originally contracted, and not the date of any renewal of the promise to pay it, is the date referred to in the section cited; that the doctrine of merger in the judgment does not apply to cases like the present; because, if it did, the date of the judgment must be deemed the time when the debt was contracted, and thus previous creditors would forfeit their rights under the statute through the very process which is necessary to ascertain them.

VIRGIN, J., having been of counsel for the complainant, did not sit.